

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6119 | **DATE** | 3/13/2001 |
| **CASE TITLE** | US vs. Sharon Neeley (95 CR 730-20) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Sharon Neeley's § 2255 motion to vacate, set aside, or correct her sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | date docketed | 12 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 00 C 6119 |
| vs. | ) | 95 CR 730-20 |
| SHARON NEELEY, | ) | |
| Defendant. | ) | |

DOCKETED
MAR 1 4 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Sharon Neeley's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, we deny the motion.

## BACKGROUND

Movant Sharon Neeley, along with twenty other defendants, was charged in an eighteen-count indictment with one count of conspiracy to defraud the United States (pursuant to 18 U.S.C. §§ 2 and 371) and three counts of money laundering (pursuant to 18 U.S.C. §§ 2 and 1956(a)(1)(B)(i) and (h)) in connection with the operation of a large scale drug distribution organization run by Neeley's brother, Nathan Hill. Neeley went to trial with four co-defendants, and on December 12, 1996, she was convicted

by a federal jury on all four counts charged against her in the indictment. On April 8, 1997, this Court sentenced Neeley to 97 months' imprisonment, followed by 3 years of supervised release, and imposed a fine of $20,000. Neeley appealed, arguing that the Court erred in denying her request for a minor participant reduction pursuant to U.S.S.G. § 3B1.2. The Seventh Circuit affirmed the sentence. See United States v. Neeley, 189 F.3d 670 (7th Cir. 1999). Neeley then filed this pro se motion to vacate, set aside, or reduce sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

### A. Ineffective assistance of counsel

Neeley first moves to vacate her conviction and sentence on the basis that she was denied effective assistance of counsel. A § 2255 motion must be granted when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255; Fountain v. United States, 211 F.3d 429, 433 (7th Cir. 2000). Ineffective assistance of counsel claims are generally cognizable under § 2255. Id. at 433-34. However, "because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." Id. at 434, quoting United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995); Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 1052 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate

that counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the petitioner's defense that it deprived her of a fair trial. See Strickland, 466 U.S. at 688-94. In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional conduct." United States v. Ashimi, 932 F.2d 643, 648 (7th Cir. 1991). If the record supports a finding of substandard performance, we then determine whether there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." United States v. Starnes, 14 F.3d 1207, 1209-10 (7th Cir. 1994).

### 1. Motion for severance

Neeley first moves to vacate her sentence on the ground that she was denied effective assistance of counsel when her attorney, David Gleicher, failed to file a motion to sever her case from those of co-defendants who were allegedly charged with more significant participation in Nathan Hill's drug distribution network. This argument is meritless, as Gleicher *did* file a timely pre-trial motion for severance on June 12, 1996. We denied the motion by minute order of July 16, 1996. The motion to vacate on this ground is therefore denied.

## 2. Failure to challenge incriminating exhibits

Neeley next argues that Gleicher unreasonably failed to "investigate, object to, or otherwise put to the adversarial test" the Government's attempt to connect Neeley to a series of documents pertaining to the purchase of a 1973 Chevrolet. According to the Government's witness, California Bureau of Narcotics Enforcement Special Agent Daniel Bouchet, the documents – which list the purchaser of the car as "Sharon Neeley" of Chicago – were seized from the Newlin Avenue residence of Government witness and narcotics dealer Ray Luna. They were admitted into evidence, without objection, as "Newlin Group 1."

It is unclear what Neeley contends Gleicher should have done to attack the documents. She does claim that he should have countered the Government's purported contention that Neeley's handwriting was on the documents, but Bouchet never testified and the Government never argued that Neeley herself had signed them. Indeed, the Government conceded in oral argument that Neeley may not have purchased the Chevrolet herself or given Nathan Hill specific permission to use her name in buying the car. (See Trial Transcript (hereinafter, "Tr.") at 2909)

Neeley appears to argue that Gleicher should have objected to the admission of the Newlin Group 1 documents into evidence or cross-examined Bouchet about the fact that some or all of the documents were omitted from Bouchet's evidence log. Giving

Gleicher wide latitude, as we must, in matters of trial strategy, see Strickland, 466 U.S. at 689, we cannot find that his failure to cross-examine Bouchet and/or object to the admission of the documents into evidence was objectively unreasonable. See United States v. Berkowitz, 927 F.2d 1376, 1382 (7th Cir. 1991) (decision whether to challenge admissibility of documents is tactical decision which we give great deference); United States v. Neresian, 824 F.2d 1294, 1321 (2d Cir. 1987) (desirability and scope of cross-examination is matter of trial strategy). Gleicher may have felt that the omission of the documents from the log, and perhaps the documents themselves, were too insignificant to merit focusing the jury's attention on them through examination and objections. Moreover, because the Government relied only slightly, if at all, on the fact that the 1973 Chevrolet was purchased in Neeley's name, any potential impact of Gleicher's failure to challenge the Newlin Group 1 documents was minimal. Consequently, Neeley cannot show either that Gleicher's conduct was objectively unreasonable or that she was prejudiced as a result, as required to state an ineffective assistance of counsel claim.

### 3. Failure to rebut or impeach testimony of Michael Jefferson

Neeley next argues that she was denied effective assistance of counsel when Gleicher failed to rebut or impeach certain testimony of Government witness Michael Jefferson. In its case in chief, the Government presented evidence that in 1993 Neeley

deposited substantial sums, in cash, into the bank account of Pocketown Record Company, an organization alleged to be laundering money for Nathan Hill's drug operation. On direct and cross-examination, Neeley testified that the cash she had deposited into the Pocketown account had come from sales of Pocketown cassettes and compact discs on the streets of Chicago. In rebuttal, the Government called Michael Jefferson, Pocketown's General Manager. Jefferson testified that though Pocketown did sell records and CDs it did so through a series of professional distributors. He further testified that he was unaware of any street sales of Pocketown products and was doubtful that such street sales could have existed without his knowledge, as he was the person in charge of sending out product. (Tr. 2771-73; 2777-80)

Neeley claims that Jefferson's trial testimony was inconsistent with his testimony before the grand jury, and that her attorney was ineffective in not bringing that fact to light. The grand jury testimony to which Neeley refers does not, however, contradict Jefferson's trial testimony. At the grand jury proceedings, the Government inquired into whether Pocketown was actually selling music, or whether Jefferson was merely supposed to pretend that it was making money selling music. When Jefferson was asked, "Were you selling any records or cassettes?", he responded as follows:

    A: Unfortunately no. Not like that anyway.
    Q: What do you mean? You were selling some?

> A: We were selling some, yeah. We did have some sales of both singles but nowhere matching the numbers that we started putting on those books.

This section of Jefferson's grand jury testimony does not, contrary to Neeley's assertion, contradict Jefferson's testimony at trial that he was unaware of any *street* sales of Pocketown cassettes or CDs. Gleicher's alleged failure to obtain the grand jury testimony, to use it against Jefferson at trial, and/or to object to the government's failure to provide him with a transcript of the grand jury proceedings was not, therefore, outside the wide range of acceptable professional conduct. Nor did his actions prejudice Neeley, as counsel for a co-defendant conducted precisely the examination of whose omission Neeley complains. The evidence was, therefore, before the jury regardless of Gleicher's choice not to develop it.

Similarly, we reject Neeley's contention that Gleicher was ineffective in failing to present evidence or elicit testimony regarding Jefferson's drug use, his receipt of money from the government while preparing his grand jury testimony and relocating his family, and his alleged receipt of money in exchange for his trial testimony. With respect to Jefferson's drug use, Jefferson admitted such conduct upon questioning by both the government and counsel for one of Neeley's co-defendants. By the time it was Gleicher's turn to question Jefferson, the fact of drug use had been twice placed

before the jury. It was not unreasonable for Gleicher to choose not to re-elicit the information.

With respect to Jefferson's alleged receipt of various forms of payment in exchange for his testimony, Neeley fails to overcome the strong presumption "that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" U.S. v. Pergler, 233 F.3d 1005, 1010 (7th Cir. 2000) (quoting Foster v. Schomig, 223 F.3d 626, 631 (7th Cir.2000)); cf. United States v. Neresian, 824 F.2d 1294, 1321 (2d Cir. 1987) (desirability and scope of cross-examination is matter of trial strategy). As the Government points out, any cross-examination as to the funding of Jefferson's family's relocation would have opened the door to testimony, on redirect, that the reason for the relocation was Jefferson's legitimate fear that Neeley's brother and co-conspirator, Nathan Hill, would injure Jefferson's family if they were not moved. Jefferson was not the principal witness against Neeley, and Gleicher may reasonably have decided that the likely value of any cross-examination on this point was outweighed by the risk of inviting damaging testimony about the violent nature of the conspiracy with which Neeley was charged. It is not our place to second guess this strategic decision.

As to Neeley's general contention that Jefferson was "paid" for his testimony, there is no factual support for this allegation of impropriety. Accordingly, we reject

Neeley's claim that her counsel was constitutionally ineffective in failing to cross-examine Michael Jefferson on the specified topics.

### 4. Failure to file a direct appeal of conviction

Neeley claims that she was denied effective assistance of appellate counsel in that Gleicher failed to appeal her conviction despite her request that he do so. Where an attorney ignores a defendant's specific request and fails to initiate or prosecute an appeal, that conduct is professionally unreasonable, and prejudice is presumed. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000); Kitchen v. U.S., 227 F.3d 1014, 1021 (7th Cir. 2000). But Gleicher did not ignore Neeley's alleged request. He in fact filed a timely notice of appeal from the judgment and sentence, and pursued that appeal in the Seventh Circuit. United States v. Neeley, 189 F.3d 670 (7th Cir. 1999).

It is true that Neeley's appeal focused on this Court's refusal to sentence her as a minor participant under U.S.S.G. § 3B1.2. Id. at 684-85. Notwithstanding this concentration on the sentencing issue, however, Neeley was in no way "hampered by 'the *complete* denial of counsel.'" Kitchen, 227 F.3d at 1021 (quoting Flores-Ortega, 120 S. Ct. at 1038). Like the defendant in Kitchen, whose attorney properly appealed on several grounds but inadvertently failed to file a notice of appeal from the denial of a particular post-trial motion, Neeley was not abandoned by her attorney on appeal. Counsel simply made a strategic decision to pursue certain issues and not others. Thus

Neeley's situation, like Kitchen's, "most closely resembles one in which [her] counsel has failed to preserve a particular issue for appellate review." Kitchen, 227 F.3d at 1021. Neeley must therefore demonstrate prejudice by showing that the "omitted issue may have resulted in a reversal of the conviction, or an order for a new trial." Id. (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996) (quotation marks omitted)).

Aside from asserting broadly that Gleicher should have attacked her conviction, Neeley does not point to any issue that he should have raised before the Court of Appeals. Moreover, the potential issues she raises in other sections of her § 2255 motion are, as discussed elsewhere in this opinion, meritless. Because Neeley cannot show a likelihood of success on any challenge to the validity of her conviction, she cannot show that she was prejudiced by Gleicher's decision to focus on sentencing issues in her direct appeal. We therefore reject her claim that Gleicher rendered constitutionally ineffective assistance of counsel in preparing her appeal.

### 5. Failure to request oral argument in Seventh Circuit

Neeley next contends that Gleicher erred by waiving oral argument in the Seventh Circuit on the appeal from this Court's denial of Neeley's motion for a sentence reduction. Neeley does not explain why she believes oral argument was necessary to elucidate her fully-briefed appeal, and indeed the Seventh Circuit implicitly agreed with her attorney that it was not. See Rule 34 of the Federal Rules

of Appellate Procedure (Court of Appeals may order oral argument despite agreement of parties to submit matter on briefs). In the absence of any evidence or allegations to support Neeley's claim that the waiver of oral argument was erroneous, we can find neither the unreasonable conduct nor the prejudice necessary to support an ineffective assistance of counsel claim on this ground. See Strickland, 466 U.S. 668; see also Locke v. Jenkins, 1985 WL 4864, at *4 (N. D. Ill. December 9, 1985) (waiver of oral argument not ineffective assistance of appellate counsel).

## 6. Failure to object to verdict by 11 jurors

Neeley contends that Gleicher was ineffective in failing to object to this Court's decision to proceed with eleven jurors rather than declare a mistrial when it became apparent that one juror could no longer continue with the ongoing jury deliberations. After deliberations had begun and the alternate jurors had been dismissed, the juror, Mary Adam, was involved in a custody hearing initiated by the Department of Children and Family Services and was granted temporary custody of her daughter's three children, the youngest of which was six months old and soon to be released from the hospital. Based on Adam's personal situation, which was communicated to the attorneys for all interested parties, the Court found just cause to excuse Adam from continued jury service. The remaining eleven jurors unanimously convicted Neeley on all four counts with which she was charged.

Neeley's co-defendant, Thomas Demetrius Lambert, appealed his conviction based on the Court's decision to proceed with eleven jurors, but the conviction was affirmed. See Neeley, 189 F.3d at 679-81. The Seventh Circuit rejected the argument that there was no just cause for Adam's discharge, stating, "[w]e agree with the district court judge's finding that it was impossible for Adam to continue serving as a juror because she would have been unable to give the proper attention to the jury deliberations, the most vital part of the criminal trial." Id. at 681. The court further upheld this Court's decision not to replace Adam with an alternate juror, since "the district court is without authority to recall an alternate juror once he or she has been dismissed and the jury has begun to deliberate." Id. Given the fate of her co-defendant's opposition to our decision to proceed with eleven jurors, Neeley's contention that she was prejudiced by her counsel's failure to follow the same course is groundless.

Neeley also faults her counsel for failing to object when this Court had two private, off-the-record telephone conversations with Adam to discuss her situation. Lambert's appeal with respect to the telephone conversations was also rejected, but on this issue the Seventh Circuit relied in part on the fact that no attorney had objected to the phone calls at the time they were proposed to the parties. We must therefore

consider Neeley's argument that her attorney's failure to so object constituted ineffective assistance of counsel.

As stated above, in order to prevail on a claim of ineffective assistance of counsel, Neeley must first demonstrate that Gleicher's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 688 (1984). In assessing counsel's performance, we "evaluate the conduct from counsel's perspective at the time, and indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional conduct." United States v. Ashimi, 932 F.2d 643, 648 (7th Cir. 1991). Applying this test, we cannot find that Gleicher's failure to object to the Court's telephone contact with Adam was unreasonable. The conversations were to involve Adam's personal circumstances, not the substance of the jury deliberations. Gleicher therefore had no reason to believe that attorney participation would be necessary. That Gleicher's acquiescence in the calls was within the "wide range of reasonable professional conduct" is further indicated by the fact that the attorneys for Neeley's co-defendants also raised no objection. Indeed, co-defendant Lambert's attorney opined that the Court's plan "sounds intelligent to me, Judge, to find out if it is definite that she will be unavailable in the morning." In light of the contemporaneous assent by several defense attorneys, as well as the Seventh Circuit's

later approval of this Court's handling of the situation, we cannot find that Gleicher's failure to object at the time was so unreasonable as to be constitutionally deficient.

### 7. Neeley's testimony at trial

Finally, Neeley argues that Gleicher was constitutionally ineffective when he allowed her to take the stand at trial. This argument is frivolous, as it is not counsel but the defendant who must ultimately decide whether she will testify at trial. 18 U.S.C. § 3841 (criminal defendant shall at his own request be competent witness); see also Rock v. Arkansas, 483 U.S. 44, 49, 52, 107 S. Ct. 2704 (1987) (defendant has fundamental right to testify in his own defense). Gleicher's "decision to allow [Neeley] to take the stand" was therefore not only reasonable, but required of him by statute, case law, and the canons of professional ethics. Neeley's claim for denial of effective assistance of counsel on this ground is therefore denied.

### 8. Failure to advise of sentencing consequences of guilty plea

Finally, Neeley claims that Gleicher never advised her that if she pled guilty she could qualify for a three point sentence reduction for acceptance of responsibility. Gleicher, in an affidavit attached to the Government's response brief, claims that he explained this option to Neeley prior to trial. Assuming that the discrepancy between Neeley's and Gleicher's accounts was sufficient to create a dispute of fact on this issue,

- 14 -

we find nevertheless that Neeley cannot make out a constitutional ineffectiveness claim because she cannot show the required prejudice.

To demonstrate that she was prejudiced by Gleicher's alleged failure to inform her of the availability of an acceptance of responsibility adjustment, Neeley must show a reasonable probability that, but for Gleicher's unprofessional errors, she would have pled guilty and would not have insisted on going to trial. Cf. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (petitioner seeking to vacate guilty plea must show reasonable probability that without counsel's errors he would not have pled guilty). Neeley does not allege that she would have pled guilty if she had known about the potential availability of the acceptance of responsibility reduction, or provide the Court with any explanation of how, and to what degree, such knowledge would have affected her decision-making process. What we do know is that even with a full three-point reduction for acceptance of responsibility, Neeley would still have been facing a substantial term of imprisonment. Moreover, because the decision to apply the acceptance of responsibility adjustment is within the discretion of the trial judge, there is no guarantee that Neeley would have received any or all of the possible three-point reduction. Under these circumstances, Neeley has not demonstrated a reasonable probability that she would have pled guilty if she had been informed about the rules governing sentence reductions for acceptance of responsibility. Neeley cannot

- 15 -

therefore show prejudice resulting from Gleicher's alleged failure to fully educate her about the consequences of a guilty plea, and we deny the motion to vacate her sentence on this ground.

**B. Prosecutorial misconduct**

Neeley alleges that the Government failed to provide her attorney with Michael Jefferson's grand jury testimony and failed itself to correct what Neeley characterizes as Jefferson's "false or misleading testimony" at trial. As discussed in Part I.A.3 above, there is nothing about Jefferson's prior grand jury testimony that contradicts anything he stated at trial. As a result, the Government's alleged failure to provide Neeley with the transcripts or to use those transcripts to "correct" Jefferson's trial testimony does not support Neeley's § 2255 motion.

**C. Apprendi issue**

In an amendment to her original motion, Neeley contends that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), mandates that we vacate her sentence, since the question of the amount of money she laundered was never submitted to the jury. The Seventh Circuit has recently held that Apprendi does not apply retroactively to cases on collateral review. Talbott v. Indiana, 226 F.3d 866, 869 (2000). Moreover, Apprendi does not stand for the proposition for which Neeley cites it. Apprendi holds merely "that most circumstances increasing a statutory maximum sentence must be

treated as elements of the offense – and, if the defendant has demanded a jury trial, this means that they must be established beyond a reasonable doubt to the jury's satisfaction." Id. The statutory maximum sentence on any one of Neeley's three money laundering convictions was 20 years. 18 U.S.C. § 1956. Neeley was sentenced to significantly less than that – 97 months. Because the amounts of money determined by the Court did not increase Neeley's punishment beyond the statutory maximum sentence, Apprendi is inapposite and no new trial is warranted on this basis.

## CONCLUSION

For the foregoing reasons, Sharon Neeley's § 2255 motion to vacate, set aside, or correct her sentence is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: March 13, 2001