# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6119 | **DATE** | 6/14/2001 |
| **CASE TITLE** | US vs. Sharon Neeley (95 CR 730-20) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The motion for a certificate of appealability is granted in part and denied in part. A certificate of appealability shall issue with respect to the limited issue of whether prejudice is presumed where a defendant specifically asks counsel to appeal her conviction, yet counsel argues only issues related to the defendant's sentence in her briefs on appeal. The petition to proceed *in forma pauperis* on appeal is denied without prejudice. Petitioner is given 30 days in which to file an amended application containing all requested financial information and required signatures. The Clerk of the Court is directed to send Petitioner an Application to Proceed Without Prepayment of Fees and Affidavit (AO 240) along with a copy of this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | FILED FOR DOCKETING 01 JUN 14 PM 1: 38 | date mailed notice | |
| SCT | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


DOCKETED
JUN 1 5 2001

SHARON NEELEY, )
)
Plaintiff, )
)
vs. )      No. 00 C 6119
)      (95 CR 730-20)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on (1) Sharon Neeley's motion for a certificate

of appealability from our denial of her *pro se* petition for a writ of habeas corpus, and

(2) her application to proceed *in forma pauperis* on appeal. For the reasons set forth

below, the motion for a certificate of appealability is granted in part and denied in part.

The application to proceed *in forma pauperis* is denied.

### DISCUSSION

## I. Motion for a certificate of appealability

## A. Legal standard

Pursuant to 28 U.S.C. § 2253(c)(2), no appeal may be taken from the final order

in a habeas corpus proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge



issues a certificate of appealability. A certificate of appealability under this section may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This rule does not require a petitioner to show that he would prevail on the merits. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383 (1983). "Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." <u>Id.</u> (internal quotations and citations omitted) (brackets in original).

With respect to the majority of the issues raised in Neeley's habeas petition, she has failed to make a substantial showing of the denial of a constitutional right.

## B. <u>Apprendi</u>

Neeley's claims under <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), are clearly meritless. The Seventh Circuit has held that <u>Apprendi</u> does not apply retroactively to cases on collateral review. <u>Talbott v. Indiana</u>, 226 F.3d 866, 869 (2000). Moreover, <u>Apprendi</u> does not affect cases like Neeley's in which the sentence imposed is shorter than the statutory maximum sentence. We therefore deny the motion for a certificate of appealability with respect to Neeley's <u>Apprendi</u> claim.

## C. Prosecutorial misconduct

There is similarly no appealable issue with respect to Neeley's charge that the prosecution violated her right to a fair trial in presenting the testimony of Michael Jefferson. Although Neeley claims that Jefferson's trial testimony was inconsistent with his grand jury testimony, our finding that it was not is not debatable among jurists of reason. Furthermore, the alleged inconsistencies were tested in front of the jury when counsel for Neeley's co-defendant elicited them as part of his cross-examination of Jefferson. We are unconvinced that a Court could decide this issue differently and accordingly deny the certificate of appealability on the question of prosecutorial misconduct.

## D. Ineffective assistance of trial counsel

Neeley alleges a variety of errors on the part of her trial counsel. For the reasons that follow, our conclusion that they did not amount to constitutionally ineffective assistance of counsel is not debatable among jurists of reason. Trial counsel cannot be faulted for failing to secure separate trials for Neeley and her co-defendants; counsel made an appropriate severance motion but it was denied. Nor did counsel act unreasonably in failing to cross-examine government witnesses Michael Jefferson or Daniel Bouchet on the issues raised in Neeley's habeas petition. As set forth in detail in our March 13, 2001, Memorandum Opinion, Neeley failed to demonstrate that the

examinations she now proposes would have been fruitful. Given the wide latitude courts afford counsel in matters of trial strategy, see Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 1052 (1984), Neeley's challenge to our findings on this score is insufficient to satisfy the requirements of § 2253(c)(2).

Neeley's remaining arguments regarding her trial counsel's conduct are similarly unavailing. There is no evidence that Neeley was prejudiced by trial counsel's alleged failure to advise her of the sentencing consequences of a guilty plea. As noted in our Memorandum Opinion denying the habeas petition, Neeley never claimed that she would have pled guilty if she had known about the potential availability of an acceptance of responsibility reduction. Indeed, that fact that even a full three-point reduction for acceptance of responsibility would have left Neeley facing a substantial term of imprisonment suggests otherwise. Similarly, trial counsel's failure to object to the Court's decision to proceed with eleven jurors did not demonstrably prejudice the outcome of the trial; the issue was appealed by one of Neeley's co-defendants, and the Seventh Circuit upheld the eleven-juror verdict.

Accordingly, we deny the motion for a certificate of appealability on the question of the effectiveness of Neeley's trial counsel.

### E. Effective assistance of appellate counsel

With respect to the legal assistance Neeley received on appeal, we are of the view that counsel's representation was constitutionally adequate. Nevertheless, we think that one issue she raised is debatable among jurists of reason. Neeley claimed[1] in her petition that she had asked her attorney to appeal her conviction, but that he appealed only her sentence. Where an attorney ignores a defendant's specific request and fails to initiate or prosecute an appeal, that conduct is professionally unreasonable, and prejudice is presumed. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000). Because Neeley's counsel appealed her sentence, however, we found her case more analogous to one in which counsel has failed to preserve a particular issue for appellate review. See Kitchen v. U.S., 227 F.3d 1014, 1021 (7th Cir. 2000) (citing Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)). Neeley was therefore required to demonstrate prejudice – a task we found she did not accomplish. The Court therefore denied Neeley's petition for failure to satisfy both prongs of the traditional Strickland test.

We believe the question of whether prejudice is presumed where, over the defendant's objection, counsel appeals only her sentence and not her conviction is

---

[1]Because we ruled against Neeley on other grounds, no evidentiary hearing was held to test the veracity of this allegation.

adequate to deserve encouragement to proceed further. <u>See</u> <u>Barefoot</u> at 893, n. 4. We

therefore find that as to this issue Neeley has made a substantial showing of the denial

of her constitutional right to the effective assistance of counsel on direct appeal. The

motion for a certificate of appealability is granted with respect to this aspect of

counsel's conduct. The motion is denied as to counsel's failure to request oral

argument before the Court of Appeals. Neeley has made no showing that such requests

are constitutionally required.

## II. Petition to proceed *in forma pauperis*

Neeley has filed an application to proceed without prepayment of fees, but the

application includes no information other than the case number and the fact that Neeley

is currently incarcerated. It is also unsigned. The *in forma pauperis* petition is

therefore denied without prejudice. Neeley is given 30 days in which to file an

amended application containing all requested financial information and required

signatures.

## CONCLUSION

The motion for a certificate of appealability is granted in part and denied in part.

A certificate of appealability shall issue with respect to the limited issue of whether

prejudice is presumed where a defendant specifically asks counsel to appeal her

conviction, yet counsel argues only issues related to the defendant's sentence in her

briefs on appeal. The petition to proceed *in forma pauperis* on appeal is denied without prejudice. Petitioner is given 30 days in which to file an amended application containing all requested financial information and required signatures. The Clerk of the Court is directed to send Petitioner an Application to Proceed Without Prepayment of Fees and Affidavit (AO 240) along with a copy of this opinion.


Charles P. Kocoras
United States District Judge


Dated:    June 14, 2001